IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KEITH SLIDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-9044-MC-W-ODS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION GRANTING MOTION TO DISMISS

Pending is Defendant's Motion to Dismiss (Doc. #4). For the following reasons, the Motion is granted.

## BACKGROUND

Keith Slider is president of Expert Environmental Consulting, Inc. (EEC.) EEC failed to pay its federal employee taxes for the quarters ending September 30, 2005, December 31, 2005 and March 31, 2006. On April 14, 2006, the IRS issued a summons to Plaintiff to investigate the unpaid employment taxes. The IRS subsequently assessed employment tax liabilities against EEC. Revenue Officer Renee Willingham then issued a third-party summons to United Missouri Bank for various bank records relating to accounts held by Plaintiff from October 1, 2005 through September 1, 2006. On October 2, 2006, Plaintiff filed a Motion to Quash the summons issued to United Missouri Bank, alleging the summons seeks irrelevant material information which is already in the possession of the IRS. Defendant has filed this Motion to Dismiss.

## DISCUSSION

Under 26 § U.S.C. 7602(a), the IRS has broad authority to issue summons to investigate internal revenue laws. When a party presents a motion to quash a summons, the United States bears the burden of establishing a prima facie case for

enforcement of the summons. United States v. Powell, 379 U.S. 48 (1964). However, if the United States files a motion to dismiss without simultaneously seeking an order enforcing the summons, the burden shifts to the petitioner to establish a valid defense to the summons. The petitioner must present specific facts from which the court could infer a significant possibility of wrongful conduct by the government.

Under Powell, the Commissioner must show the investigation will be conducted pursuant to a legitimate purpose, the inquiry may be relevant to the purpose, the information sought is not already within the Commissioner's possession and it has been determined that further examination is necessary and the taxpayer has been notified to that effect. Id. at 57-58.

Plaintiff alleges the bank summons should be quashed because the IRS has already investigated and assessed employment tax liabilities against EEC. However, the IRS is authorized to assess separate penalties against "any person required to collect, truthfully account for, and pay over any tax imposed by [the Internal Revenue Code] who willfully fails to collect such tax, or truthfully account for and pay over such tax." 26 U.S.C. § 6672(a). To assess the penalties, a revenue officer must develop, collect and consider evidence concerning whether that person was responsible for paying the unpaid tax and willfully failed to pay it. Kizzier v. United States, 598 F.2d 1128, 1132 (8th Cir. 1979). The information sought by the summons to United Missouri Bank may be relevant to an additional penalty investigation and is not already in the possession of the IRS.

Plaintiff also claims the IRS cannot obtain material for the months following the period for which the IRS assessed employment tax liabilities. The Government argues that such materials are relevant to discover whether Plaintiff willfully failed to collect or truthfully account for taxes or paid other creditors before paying the United States. If a corporate employer fails to pay withheld taxes to the Government, a corporate officer or employee may be liable personally for the penalty. Id. Further, the paying of creditors other than the Government constitutes a willful failure to pay employment taxes to the Government. Id at 1133. Plaintiff's financial conduct after the assessment of tax liabilities is relevant to the instant investigation.

2

CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted.

IT IS SO ORDERED.

                                                /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, JUDGE
DATE: May 1, 2007                                UNITED STATES DISTRICT COURT